Bright v. State 
















IN THE
TENTH COURT OF APPEALS
 

No. 10-92-026-CR

     RAYMOND BRIGHT,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the 220th District Court
Bosque County, Texas
Trial Court # 91-05-11490-BCCR
                                                                                                    

O P I N I O N
                                                                                                    

      Raymond Bright appeals his conviction for the aggravated sexual assault of his stepdaughter. 
Bright was found guilty by a jury, and the jury assessed punishment at ninety-five years in prison
and a fine of $9,999.05. On appeal Bright complains of the admission of evidence of "other
crimes, wrongs, or acts." Because the evidence had relevance apart from its tendency to prove
that Bright acted in conformity with his character, we affirm.
      In points one and three, Bright contends that, under Rules 401, 402, and 404(b) of the Texas
Rules of Criminal Evidence, the trial court erred by allowing evidence of his prior violent conduct
toward the complainant and his prior sexual misconduct with the complainant. In points two and
four, Bright contends that the trial court erred in failing to state on the record its determination
that the evidence had relevance apart from character conformity. He does not, however, contend
that the evidence was inadmissible under Rule 403 because its probative value was "substantially
outweighed by the danger of unfair prejudice."



      During cross-examination of the victim the defense attorney played an audio tape recorded
by the victim and sent to her mother several months prior to the trial. The following portion of
the victim's statement was played for the jury:
I love you a lot, mom, and I just wish I could be there with you or you could be up
here, which I know you don't want to be up here, and really I don't, either. I would like
to be with ya'll and I want you to know that that stuff on that paper is not true. 
Everything that's on there is a lie and only the—I did sign it, but they tricked me into
signing something for going to the stupid foster home. I don't know why they tricked
me into that, so not to worry, if I have to testify, I'll tell them the truth, 'cause I—you
know and I know nothing happened, and I know that he did not do all that other stuff they
supposedly said he did. I just wish they would get it through their stupid heads that I
don't lie.

The victim acknowledged that her tape recorded statement contradicted her testimony at trial. She
explained, however, that at the time the tape was made she was upset.
    On redirect examination of the victim, the prosecutor elicited the following testimony, which
Bright complains of on appeal:
Q[K.B.], let's spend some time talking about your life. Were you afraid of Raymond
Bright?
 
AYes, sir.
 
QAnd why were you afraid of Raymond Bright?
 
[Defense Attorney]: Objection, Your Honor. The District Attorney has not
provided the Defendant any notice of any evidence he intends to introduce about
anything other than what happened on June 30th, 1990.
 
[Prosecutor]: Your Honor, the door is now opened. He has questioned her
credibility and I'm attempting to show the state of mind and all that she was working
under at the time that this tape recording was made.
 
THE COURT: I'll allow it.
 
[Prosecutor]:
 
QWhy were you afraid of Raymond Bright?
 
ABecause he had beat me before.
 
QAll right. Had he ever used a firearm in your presence?
 
AYes, sir.
 
QHow had he used a firearm?
 
[Defense Attorney]: Objection, Your Honor. It's an evidentiary harpoon to get
something before this evidence—before this jury that cannot be put in evidence in
court, it's totally irrelevant to these proceedings here today.
 
[Prosecutor]: Your Honor, if he had not questioned her credibility, perhaps he
would be right. Now that he has questioned her credibility, the State seeks to give
all of the background evidence about all of the pressures that this young lady was
working under.
 
THE COURT: All right. I'm going to allow it.
 
[Prosecutor]:
 
QHow had he threatened you with a firearm?
 
AHe had once put the gun—the barrel of the gun down my mouth.
 
QAll right. And after he did that, did he then shoot the gun?
 
AYes, sir.
 
QIt wasn't in your mouth when he shot it?
 
ANo, sir.
 
QWhat did he shoot?
 
AHe shot the refrigerator about three times, also the stool I was sitting on.
 
QAll right. And you—additionally, when you were almost twelve years of age, two
weeks before—starting two weeks before your twelfth birthday, what began to
happen between you and Raymond Bright?
 
[Defense Attorney]: Objection, Your Honor, the same as I have alleged before.
 
THE COURT: Overruled.
 
APlease repeat the question.
 
QDid something begin to happen between you and Raymond Bright two weeks before
you were twelve years of age?
 
AYes, sir.
 
QWhat happened?
 
AHe then started raping me.
 
QAnd how often did he rape you?
 
AA couple of times a week.

Finally, the victim testified, without objection, that when Bright raped her, "He told [her] not to
tell anybody or he would kill [her] whole family and, also, he was breaking [her] in."
      Finding a piece of evidence "relevant" is the first step in a trial court's determination of
whether the evidence should be admitted before the jury because "[a]ll relevant evidence is
admissible . . . . Evidence which is not relevant is not admissible."


 "Relevant evidence" means
evidence having any tendency to make the existence of any fact that is of consequence to the
determination of the action more probable or less probable than it would be without the evidence.


 
In deciding whether a particular piece of evidence is relevant, a trial court should ask, "would a
reasonable person, with some experience in the real world believe that the particular piece of
evidence is helpful in determining the truth or falsity of any fact that is of consequence to the
lawsuit."


 
      Under the rules of evidence, once the proponent of an item of evidence shows that the
evidence is logically relevant to some issue in the trial under Rule 401, it is admissible under Rule
402 unless the opponent of the evidence demonstrates that is should be excluded because of some
other provision, whether constitutional, statutory, or evidentiary.



      Rule 404(b) is such a provision:
Evidence of other crimes, wrongs, or acts is not admissible to prove the character
of a person in order to show that he acted in conformity therewith. It may, however, be
admissible for other purposes, such as proof of motive, opportunity, intent, preparation,
plan, knowledge, identity, or absence of mistake or accident, provided, upon timely
request by the accused, reasonable notice is given in advance of trial of intent to
introduce in the State's case in chief such evidence other than that arising in the same
transaction.




      Extraneous offense evidence that logically serves any of the "other" purposes is "relevant"
beyond its tendency to "prove the character of a person to show that he acted in conformity
therewith."


 It is therefore admissible, subject only to the trial court's discretion to exclude it
under Rule 403.


 On the other hand, if extraneous offense evidence is not "relevant" apart from
supporting an inference of "character conformity," it is absolutely inadmissible under Rule
404(b).



      When a party attempts to adduce evidence of "other crimes, wrongs, or acts" the opponent
of that evidence, in order to preserve a complaint for appeal, must object in a timely fashion.


 
Once that complaint is lodged, it is incumbent upon the proponent of the evidence to satisfy the
trial court that the "other crime, wrong, or act" has relevance apart from its tendency "to prove
-the character of a person in order to show that he acted in conformity therewith."


 The trial
court should honor any request by the opponent of the evidence for articulation into the record of
the purpose for which evidence is ultimately admitted by the trial court.


 Because Bright never
requested the court to articulate the "other purpose" for which the evidence was admitted, we
overrule points of error two and four.
      If the proponent persuades the trial court that evidence of "other crimes, wrongs, or acts" has
relevance apart from character conformity, such as to rebut a defensive theory, the evidence
should be admitted.


 The trial judge must conclude that the evidence tends in logic and common
experience to serve some purpose other than character conformity to make the existence of a fact
of consequence more or less probable than it would be without the evidence.


 In reviewing the
trial court's decision whether to admit evidence under Rule 404(b), appellate courts uphold the
trial court's ruling on appeal absent an "abuse of discretion."



        In this case, the defense raised the issue of why the victim—after having recanted her
original charges against Bright several months prior to trial—testified in support of the charges. 
The evidence in question was highly relevant to that issue because it included threats made by
Bright as to what would happen to her family if the victim were to tell anybody what happened,
as well as evidence showing that he was capable of carrying out those threats.


 We hold that such
evidence, which would explain the basis of the victim's fear of telling the truth, was relevant and,
therefore, properly admitted. 
      Although Bright argues on appeal that the relevance of his prior sexual misconduct and the
relevance of his prior violent conduct should be evaluated independently and subjected to different
analyses, his objection at trial to the evidence of prior sexual misconduct merely incorporated by
reference his previous objection to the evidence of prior violent conduct without distinguishing the
two types of extraneous conduct. Furthermore, the evidence of Bright's violent conduct was tied
together with the evidence of his sexual misconduct by the victim's own testimony that when
Bright raped her he threatened to kill her whole family if she told anybody. As a result, the
evidence of both types of "other crimes, wrongs, or acts," are treated together on appeal. We
overrule points of error one and three.
      In points five, six, and seven, Bright contends that the admission of extraneous "crimes,
wrongs, or acts" violated his right of confrontation under the sixth amendment of the United States
Constitution, article I, section 10, of the Texas Constitution, and articles 1.05, 1.15, and 1.25 of
the Texas Code of Criminal Procedure. Because Bright did not present this complaint to the trial
court at the time he made his objection to the relevance of the evidence of extraneous "crimes,
wrongs, or, acts," nothing is preserved for review.


 Therefore, we overrule points of error five
through seven.
 
      We affirm the judgment.
 
                                                                                 BOBBY L. CUMMINGS
                                                                                 Justice

Before Justice Cummings and
          Justice Vance
          (Chief Justice Thomas not participating) 
Affirmed
Opinion delivered and filed January 6, 1993
Do not publish